**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JANE DOE,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00431-JSM-PRL**

**ENSEMBLE RCM LLC,**

**Defendant,**
_____________________________________/

**ORDER**

Plaintiff filed this employment discrimination claim against Ensemble RCM LLC under a pseudonym. Defendant has filed a motion to compel Plaintiff to proceed in her own name (Doc. 11) and, in response, Plaintiff filed a cross-motion to proceed anonymously. (Doc. 15).

**I. Background**

Plaintiff initiated this action under a pseudonym in Florida state court, asserting claims for discrimination, harassment, retaliation, and violations of the Family and Medical Leave Act ("FMLA") arising from her employment with Defendant. (Doc. 1-2). Plaintiff alleges that she "worked remotely from the State of Florida." (Doc. 16 at ¶ 14). The Amended Complaint does not identify Plaintiff's city of residence, physical worksite, or any other location-specific information. Defendant subsequently removed the action to this Court.

Before removal, Plaintiff filed in state court a motion for leave to proceed under pseudonym. (Doc. 1-4 at 4-9). In that motion, Plaintiff stated that she is a survivor of domestic violence who changed her legal name and relocated to Florida to avoid her alleged abuser. Plaintiff claimed that she was employed by Defendant under her former legal name and seeks

to prevent her current legal name from appearing on the public docket because public disclosure could connect her current identity to her former identity, which could enable her alleged abuser to locate her. She contends that if her current legal name appears on the public docket in this case, "it will be connected to her former name through the employment records, deposition testimony, and discovery materials that necessarily reference the name she used during her employment with Defendant." The motion, which was not ruled upon by the state court, was denied without prejudice upon removal by operation of Local Rule 1.06(c).

In the Case Management Report, Plaintiff unilaterally requested special handling in that she "has filed under a Jane Doe pseudonym due to a concern for her safety and wellbeing as a domestic violence survivor." (Doc. 7 at 5). Plaintiff clarified that "this concern is not related to any issue present in the underlying lawsuit" and that special handling is requested to "ensure no personal information is filed." She further requests that any paper that requires her name or identifiable information be filed under seal.

Defendant then filed a motion to compel Plaintiff to proceed in her own name (Doc. 11). Plaintiff filed a response in opposition and a cross-motion for leave to proceed under a pseudonym. (Doc. 15).

## II. Discussion

Federal Rule of Civil Procedure 10(a) provides that every pleading "must name all parties." This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). While "the rule is not absolute," to proceed anonymously, a party must show that she has "a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of

openness in judicial proceedings.' " *Id*. at 1315-16 (*citing Frank*, 951 F.2d at 323.) "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323.

In determining whether these exceptional circumstances exist, the district court should consider whether the party seeking anonymity (1) challenges government activity; (2) must disclose information of the utmost intimacy; and (3) must admit an intent to engage in illegal conduct, risking criminal prosecution. *Tessa G. v. Sec'y, United States Dep't of Health 7 Hum. Servs*., No. 24-11764, 2025 WL 1342339, at *3 (11th Cir. May 8, 2025). "These three factors are not 'a rigid, three-step test,' and the presence of one factor is not dispositive." *Id.* (quoting *Frank*, 951 F.2d at 323). However, the inquiry does not end there, as the Eleventh Circuit has further directed courts to consider whether (1) a plaintiff wishing to proceed anonymously is a minor, (2) a plaintiff would be threatened with violence or physical harm by proceeding in the plaintiff's own name, and (3) anonymity poses a unique threat of fundamental unfairness to the defendant. *Id.* (citing *Francis*, 631 F.3d at 1316). "In evaluating whether a plaintiff has shown that he has such a right, the court 'should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Francis*, 631 F.3d at 1316. Upon balancing the factors employed by the Eleventh Circuit and considering the context of this case, the Court finds that Plaintiff has not met her burden to overcome the presumption of openness in judicial proceedings.

Most of the factors are not discussed by the parties because they are not applicable. Plaintiff is not seeking to challenge governmental activity; she is not trying to avoid admitting

her intent to engage in illegal conduct; and she is not a minor.[1] And while Plaintiff argued in her state court motion that she would be compelled to disclose information of utmost intimacy –i.e., status as a domestic violence survivor, former legal name, circumstances of name change, and her enrollment in a state-confidentiality program (Doc. 1-4 at 7)—she appears to have abandoned that argument in her cross-motion filed with this Court. Even so, that information is not the type that courts have found to fall within the category of "information of utmost intimacy." Indeed, it has been narrowly applied to "matters of a sensitive and highly personal nature" such as birth control, abortion, homosexuality, transsexuality, mental illness, welfare rights of illegitimate children or abandoned families, and prayer and personal religious beliefs. *D.W. v. Grindr, LLC*, No. 8:25-cv-1260-TPB-AEP, 2025 WL 1786357, at *3 (M.D. Fla. June 27, 2025); *Does v. Swearingen*, No. 6:18-cv-1731-Orl-41LRH, 2019 WL 4386936, at * (M.D. Fla. Sept. 13, 2019) (quoting *Doe v. Compact Info. Sys., Inc.,* 3:13-cv-5013-M, 2015 WL 11022761, at *4 (N.D. Tex. Jan. 26, 2015)); see also, *Doe v. Florida Gulf Coast Univ. Bd. of Trustees*, 2024 WL 4224254, at *2 (11th Cir. Sept. 18, 2024) (explaining that information of utmost intimacy standard generally relates to topics like abortion and "prayer and personal religious beliefs."). Accordingly, this factor does not weigh in favor of anonymity.

Instead, Plaintiff relies primarily on her position that the use of her legal name in this litigation could expose her (and her minor daughter) to a real danger of physical harm because it could inform her former spouse of their location and new legal names. (Doc. 15 at 5). As

[1] In a related argument, Plaintiff contends that requiring Plaintiff to proceed in her name would endanger her minor daughter who also changed her identity. (Doc. 15 at 7-8). However, Plaintiff's minor daughter is not a party, witness, or subject of the claims at issue. Thus, it seems unlikely that Plaintiff's employment claims would require disclosure of any information about her daughter. Moreover, any identifying information can be protected by a confidentiality agreement or protective order.

discussed below, Plaintiff has failed to show that she would be threatened with physical harm by proceeding in her own name.

To support this position, Plaintiff relies on the allegations she made in a separate case filed more than three years ago—under a pseudonym in another jurisdiction—that her former spouse was physically violent toward her and sexually violent toward her minor daughter. In that action, Plaintiff sued a parole officer who she claimed provided her former spouse with her telephone number and new name which "created or increased the risk that Plaintiff and her daughter would be subjected to violence."[2] The complaint alleged that Plaintiff's former spouse was physically violent toward Plaintiff; pleaded guilty to domestic violence; was convicted in October 2013 of two counts of second degree criminal sexual conduct and related offenses, with his minor daughter as the victim; violated a police no contact order; the state terminated his parental rights finding "a substantial risk of harm," and parole conditions were imposed forbidding contact with Plaintiff and her daughter. (Doc. 11-1; Doc. 15 at 2, 5-6). Notably, Plaintiff did not allege that her former spouse tried to locate her, contact her, threaten her, or otherwise use the information purportedly disclosed by the parole officer.

While that complaint shows a history of domestic violence, it does not establish that Plaintiff is at risk of physical harm now. Plaintiff claims that she has changed her name and moved to a different state, and that her former spouse does not know this information. (Doc. 1-4 at 4; Doc. 15 at 8-10). Nevertheless, Plaintiff asks the Court to assume that her former spouse could discover this lawsuit, and then connect Plaintiff's current name to her former name, and then obtain additional identifying information from the public docket to infer her

---

[2] The docket reveals that Plaintiff's claims against the parole officer were dismissed after the parties reached a settlement.

actual physical location, and then act upon that information to cause future physical harm. While it might be possible, Plaintiff has failed to provide any evidence suggesting that this scenario is likely to happen. *See Doe v. Compact Information Systems, Inc.*, No. 3:13-cv-5013-M, 2015 WL 110022761, at * 6 (N.D. Texas Jan. 26, 2015) (explaining that "[a]lthough Plaintiff contends that an online search would make it possible for anyone to link her true name with other identifying characteristics, and that there is a chance that her abuser could accidently come across her case, she has provided no evidence to support a finding that those scenarios are likely to happen). The fact that a parole officer allegedly previously disclosed Plaintiff's identifying information is not evidence that Plaintiff's former spouse will now find this case and connect the dots about Plaintiff's new identity and location.

Moreover, Plaintiff's concerns that identifying herself in this action will provide a way for her former spouse to determine her identity and location can be addressed through less restrictive means, including confidentiality agreements, protective orders, redaction, and sealing. *See e.g., Doe v. Apple, Inc.*, No. 3:26-cv-4937-TKW-HTC, 2026 WL 2428753, at *2 (N.D. Fla. Aug. 19, 2026) ("Plaintiff's speculative concern that identifying herself in this action will provide her stalker 'a direct avenue . . . to confirm her location, continue his surveillance, and further interfere with her safety' can be addressed through a protective order or sealing of specific documents filed in this case."). Plaintiff has failed to offer any explanation as to why these procedural safeguards would be inadequate to protect the identity of Plaintiff and her minor daughter, their address, and other sensitive identifying information.

The Court recognizes that Plaintiff has taken steps to protect her location through her participation in the Florida Address Confidentiality Program ("ACP"), which protects from public disclosure a participant's residential address, telephone number, and social security

number, Fla. Stat. § 741.401 et seq. The ACP does not provide a right to litigate anonymously, nor does it suggest that a participant's name is exempt from public disclosure in judicial proceedings. However, the information protected from public records disclosure by the ACP –i.e., residential address, telephone number, and social security number—likewise can be addressed through a confidentiality agreement, protective order and redaction in these proceedings.

The Court acknowledges that another district court granted a plaintiff leave to proceed anonymously in a similar case, based at least in part on her participation in an address confidentiality program. See *Doe v. Capital Wine & Spirits Co. LLC*, No. 25-CV-7047, 2026 WL 763300, at *6 (E.D. Pa. Mar. 18, 2026). That decision, however, is not binding and is not persuasive because it was decided under the law of the Third Circuit, which employs a different framework than the Eleventh Circuit. Additionally, given the early posture of that case (i.e., defendants had not yet been served), the court did not consider whether the concerns could be addressed by a protective order or by sealing or redacting documents that contained information about identity and location.

In sum, Plaintiff has not met her burden of establishing a substantial privacy right that overcomes the presumption of judicial openness, and thus, this matter does not rise to the type of "exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992). Accordingly, Defendant's motion to compel Plaintiff to proceed in her own name (Doc. 11) is **granted**; and Plaintiff's cross-motion for leave to proceed under pseudonym (Doc. 15) is **denied**. Plaintiff shall file an amended complaint that complies with Fed. R. Civ. P. 10(a) within **fourteen days** of this Order.

Plaintiff's former name as well as her address, phone number, and Social Security number shall remain confidential and shall not be filed on the public docket. To that end, the Court will entertain requests to seal or redact certain documents on an individual basis, if appropriate.

Finally, the Clerk is directed to **seal** Doc. 11-1 because the complaint from the earlier litigation could potentially be used to connect Plaintiff's current name to her former name.

DONE and ORDERED in Ocala, Florida on November 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party